# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JOSUE BELTRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CR-86-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Francisco Josue Beltran pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine. Beltran's guilty plea was conditional under Federal Rule of Criminal Procedure 11(a)(2) and he now exercises the right he reserved to appeal the denial of his motion to suppress.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10432

law enforcement's action de novo.  *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  "Factual findings are clearly erroneous only if a review of the record leaves this [c]ourt with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted).  The clearly erroneous standard is particularly deferential where "denial of a suppression motion is based on live oral testimony."  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).  In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party.  *Id.*

We first address whether Beltran was unlawfully detained after the tasks related to the traffic stop for speeding were completed.  The record supports the district court's determination that Beltran's continued detention after the conclusion of the traffic stop was consensual.  This was not merely a situation in which Beltran should have felt free to leave after the state trooper returned his driver's license and gave him a written warning for speeding.  *See United States v. Sanchez-Pena*, 336 F3d. 431, 443 (5th Cir. 2003) (finding that similar circumstances alone were sufficient to establish a consensual encounter after an officer's completion of a computer check).  The trooper expressly asked Beltran whether he would answer additional questions, and Beltran agreed.  Beltran's brief essentially ignores the district court's finding of a consensual encounter, focusing instead on its alternative holding that reasonable suspicion of drug trafficking had developed by this time to permit continued detention.  Because the unchallenged finding of consent to continue the encounter was not clearly erroneous, we do not need to reach the question of reasonable suspicion.

No. 15-10432

The next issue is whether Beltran's subsequent consent to a roadside search of his vehicle was voluntary. The district court concluded that all six factors we have listed for making voluntariness determinations support a finding of voluntariness here: Beltran had consented to the post-traffic stop encounter; the trooper was not coercive; Beltran continuously acted in a cooperative manner; Beltran was aware of his right to refuse consent given testimony that he had declined consent to search his person during a prior arrest; there was no evidence that Beltran lacked the intelligence to understand his rights; and the concealment of the contraband in the frame rails of the vehicle indicates that Beltran believed a search would not result in discovery of the drugs. *See United States v. Solis*, 299 F.3d 420, 436 n. 21 (5th Cir. 2002) (listing factors). Again, we find no basis for disturbing the district court's finding of valid consent.

The final Fourth Amendment question concerns the lawfulness of the second search that occurred after officers had taken the vehicle to a Department of Public Safety (DPS) office so they could place the vehicle on a lift and search underneath it. Regardless of whether Beltran's consent to the second search was voluntary, by this time troopers had probable cause to search Beltran's vehicle. *See United States v. Banuelos-Romero*, 597 F.3d 763, 768-69 (5th Cir. 2010). During the roadside search, a trooper had discovered both old and new grommets on the bumper cover as well as fingerprints on the underside of the bumper cover, indicating that the cover had recently been removed. This was suspicious because Beltran said no work had been done on the vehicle and the trooper had found hidden drug compartments in the type of vehicle Beltran was driving (a Jeep Cherokee) on at least 15 prior occasions. The discovery about the bumper cover, along with circumstances from earlier in the stop—Beltran's nervousness; inconsistent statements about his travel

No. 15-10432

plans (Beltran said he was visiting his brother in Oklahoma City but did not know the address; he also changed his story about the length of that visit); attempt to minimize his criminal history;[1] and the vehicle's recent entry into the country from Mexico—support the district court's finding that probable cause existed to search the vehicle.[2]

For the first time in his reply brief, Beltran argues that his Fifth Amendment due process rights were violated because a trooper's testimony at the suppression hearing was untruthful.  But this court generally does not review an argument that is raised for the first time in a reply brief.  *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).  And we have already rejected the argument that the district court's credibility determinations were clearly erroneous.

The district court did not err in denying Beltran's motion to suppress. The judgment is AFFIRMED.

---

[1] Before the criminal history check came back, Beltran indicated that he had been arrested for "little stuff" a long time ago.  The check revealed that he had an arrest just three years earlier for a drug felony.

[2] It does not appear that Beltran ever argued that the eight-mile trip to the DPS office to conduct the more thorough search constituted a more substantial detention that exceeded the scope of the roadside detention for which the district court found consent.  In any event, the facts recited above that supported probable cause to search the vehicle at the DPS office after discovery of the suspicious bumper would also support the lesser standard of any reasonable suspicion required for the continued detention during the drive to the DPS office. And during that drive, troopers received information that Beltran was the subject of an ongoing drug investigation, further supporting the lawfulness of the detention from that point forward.